JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Jimenez Jacuinde,<br>  Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>  Respondents. | No.   CV-26-00135-PHX-SHD (ASB)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner has also filed a Motion for Temporary Restraining Order. (Doc. 2.)

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this District has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely

to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Based on prior decisions in this District, the Seventh Circuit's opinion, and the final judgment entered by the Central District of California, Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226.

In his Motion, Petitioner asks the Court order that Petitioner be scheduled for a new bond hearing within three days and enjoin the Immigration Judges from denying bond based solely on lack of jurisdiction. (Doc. 2.)

A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). *See also* LRCiv 65.1 ("Ex parte restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Petitioner has not submitted a declaration in support of the request for ex parte TRO does not establish that Petitioner will suffer irreparable injury before Respondents can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(A), the Court will deny Petitioner's Motion for Temporary Restraining Order without prejudice. *See* LRCiv 65.1.

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) The Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(2) Counsel for Petitioner must immediately serve the Petition (Doc. 1) upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **January 16, 2026**, why the Petition should not be granted.

(6) Petitioner may file a reply no later than **January 21, 2026**.

Dated this 12th day of January, 2026.

Honorable Sharad H. Desai
United States District Judge